## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DAVID WALKER,

        Plaintiff,

v.                                                    Case No.  3:18-cv-770-J-32MCR

AJIT LALCHANDANI and ANN
COFFIN,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Complaint for Fraud and Deprivation of Rights ("Complaint") (Doc. 1), Application to Proceed in District Court Without Prepaying Fees or Costs, ("Application") (Doc. 2), and Plaintiff's Affidavit in Support of his Complaint ("Affidavit") (Doc. 3).  For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

A court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims.  Fed.R.Civ.P. 8(a).  This statement of facts must show the plausibility of Plaintiff's claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."  Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .  Absent diversity of citizenship, a

> plaintiff must present a substantial federal question in order to
> invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).  "[E]ven a claim

that arises under federal law may be dismissed for lack of subject matter

jurisdiction if (1) the claim clearly appears to be immaterial and made solely for

the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and

frivolous."  *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted).

A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if

the court concludes that a prior Supreme Court decision clearly forecloses the

claim."  *Id.* at 470-71 (internal quotation marks omitted).

Plaintiff brings a claim under 42 U.S.C. § 1983 against Defendants, Ajit

Lalchandani, "Orange County Manager," and Ann Coffin, "Child Support Program

Director," in their individual and official capacities, and asks this Court to

invalidate a state court child support order and dismiss arrears owed by Plaintiff.

(*See* Doc. 1 at 1-3.)  In his "Statement of Claim," Plaintiff merely lists "A. Orlando,

Orange County, Florida," "B. June 28, 1992 2:30 pm" without providing an

explanation or context for this information, and recites the underlying facts of his

claim as follows:

> These persons said that they mail [sic] out letters to someone they
> thought was me [sic] David L. Walker [sic] not me, [sic] they looked
> up the address they thought I live [sic] at [sic] I didn't [sic] since I
> didn't show up to court they entered a Default Order against me…
> The Constitution said that this Man is Equal but with child support
> we're not [sic] they change [sic] me from Man to non-custodial
> parent payee of a loan I didn't take out.

> It also said that this Man is Free [sic] this is not true because I'm
> thrown in jail repeatedly for child support from 6 months to a year
> [sic] taken away from my job and my family and kids [sic]
> This Man has the right to obtain and defend his property [sic] but
> child support says other wise [sic], they take 65% of my pay, freeze
> my bank account, take my taxes, take food out of my kids [sic]
> mouth [sic], suspend my license.
> A Mans [sic] Reputation is very important to a Man [sic] it's how
> people see and respect you.  Being thrown in jail, not being able to
> get a bank account, having to change jobs, not being there for my
> family, the shame of my kids having there [sic] father put in jail.
> This Man has the Right [sic] to be happy [sic] well I must say I'm not
> very happy [sic] haven't been for about 26 years thanks to child
> support.

(*See id.* at 3.)  Construing the Complaint liberally, Plaintiff appears to allege that

the Defendants failed to provide him with proper notice of child support

proceedings,[1] that this failure to provide Plaintiff with sufficient notice resulted in

the entry of a default order for child support against Plaintiff ("Default Order"),

and that entry of the Default Order and its subsequent enforcement violated his

"Right to Due Process, Equal Protection, [and] The Right to Life, Liberty, and

Property."  (*See id.* at 1-3)

      As relief, Plaintiff asks this Court "to have the Default Order dismissed and

all arrears dismissed," and seeks an award of $400,000 dollars in damages and

---

[1] In his Affidavit, Plaintiff alleges "Child Support said that they sent me letters [sic] they
looked up my name, looked up my address [sic] went to court and said that I had been
served, which is a 'Presumption' which is neither evidence nor a substitute for evidence
. . . ." (Doc. 3 at 1.)  Plaintiff appears to demand that Defendants provide proof that
Plaintiff was properly served and argues that "if they can't show this or if they sent it by
regular mail [sic] then there is no way to prove that this Man received it."  (*Id.*)  Plaintiff
also argues that if Defendants cannot show that Plaintiff was served with notice, "then
paternity must be disestablished and without a paternity established under 42 U.S.C.
666 sub.sec.85b III [sic] there's no Child Support Order . . . ."  (*See* Doc. 3 at 1.)

$100,000 dollars in punitive damages.  (*Id.* at 3.)  It is unclear whether Plaintiff alleges that the Default Order was entered 26 years ago, whether that action is pending or closed, or whether Plaintiff challenged the validity of the Default Order in the state court proceedings.[2]  (*See generally* Docs. 1 & 3.)   Nevertheless, it is clear to this Court that Plaintiff seeks review of a state court order.

However, "federal courts do no act as appellate courts over state tribunals" and such review is precluded by the *Rooker-Feldman* doctrine.  *Burns v. Branham*, No. CV408-205, 2009 WL 113454, at *1-2 (S.D. Ga. Jan. 16, 2009) (holding that the *Rooker-Feldman* doctrine stripped the court of subject matter jurisdiction over a *pro se* litigant's complaint seeking to have a federal district court modify a state court child support order) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)).  Under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to directly or indirectly review an unfavorable state judgment.  *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416.  "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment." *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009) (quotations and citation omitted).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds

---

[2] The identity of the state court that issued the purported order of default is also unclear but given the named Defendants and factual allegations in the Complaint, the Court infers that Plaintiff alleges the Default Order was entered by a state court in Orlando, Florida.  (*See* Doc. 1.)

only to the extent that the state court wrongly decided the issues." *Id.* (quotations and citations omitted).  Similarly, under the *Younger* abstention doctrine, federal courts are precluded from unduly interfering with pending state court proceedings.  *Macleod v. Scott*, No. 3:14-CV-805-J-34JRK, 2015 WL 4523185, at *4 (M.D. Fla. July 9, 2015) (*quoting New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)).  "Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings." *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996).

Here, Plaintiff asks this Court to dismiss or invalidate the Default Order, a state court child support order.  Regardless of whether the child support proceedings have concluded or are currently pending, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine preclude this Court from exercising subject matter jurisdiction over the Plaintiff's claims.  To the extent Plaintiff asks this Court to review his child support proceedings, "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale*, 558 F.3d at 1260.  For these reasons, Plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).  Although a *pro se* plaintiff is usually given at least one opportunity to amend his complaint, it would be futile to do so here since the Court lacks subject matter jurisdiction.  In light of the undersigned's

recommendation that Plaintiff's Complaint be dismissed, the Court need not reach the merits of Plaintiff's Motion.[2]

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE and ENTERED** in Jacksonville, Florida on October 19, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff

---

[2] The undersigned observes, however, that Plaintiff's Application, construed as a motion for leave to proceed *in forma pauperis*, is deficient in that it has not been signed or notarized.  (*See* Doc. 2 at 2.)